IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:09-CV-30-BO

| | |
|---|---|
| BUFORD BENNETT ARTHUR,  )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, Commissioner )<br>of Social Security, )<br>)<br>Defendant. )<br>_____) | O R D E R |

This matter is before the Court on the parties' Cross-Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons stated below, Plaintiff's Motion is GRANTED; Defendant's Motion is DENIED; and the decision of the Commissioner is REVERSED and REMANDED for an award of benefits.

## INTRODUCTION

Plaintiff Buford Bennett Arthur applied for Disability Insurance Benefits in November of 2006, alleging an onset date of May 28, 2002. The application was denied initially and on reconsideration. Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). Judge Allan O'Sullivan heard the case and issued a partially favorable decision on December 23, 2008. The ALJ found that Plaintiff was disabled from May 28, 2002, to December 31, 2003, but not disabled as of January 1, 2004. The Appeals Council denied Plaintiff's request for review of the ALJ's decision.

Plaintiff filed a complaint and motion to proceed in forma pauperis with this Court on

June 5, 2009. The motion was allowed on August 18, 2009. The parties have each moved for judgment on the pleadings. A hearing on the Cross-Motions was held in Raleigh, North Carolina, on June 22, 2010. The Cross-Motions are now ripe for ruling.

## DISCUSSION

The ALJ's decision is REVERSED and REMANDED for an award of benefits because the ALJ's conclusion that Plaintiff was not disabled as of January 1, 2004, was not supported by substantial evidence. Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment, which significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work. *Id.* Fifth, if a claimant cannot do past relevant work, he or she is disabled if an impairment prevents the claimant from doing other work. *Id.*

The ALJ found that Plaintiff was partially disabled from May 28, 2002, to December 31,

2003. But the ALJ erred in finding that Plaintiff was capable of performing medium work and thus not disabled as of January 1, 2004. First, the ALJ failed to give sufficient weight to the assessments of two of Plaintiff's treating physicians. A treating physician's opinion controls unless it is unsupported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with other substantial evidence of record. 20 C.F.R. § 404.1527(d); *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). Accordingly, the ALJ may "give less weight to a treating physician's opinion in the face of persuasive contradictory evidence." *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005).

In February 2005, Dr. Barr, a treating physician, notes that "[i]n spite of improvements, he is still limited in roll, lift, carry, capabilities to approximately 25 pounds right arm only" and that Plaintiff suffered from pain and "very prominent Tinel signs, which is not improved with treatment." Similarly, in April 2007, Dr. C. Bracey Robertson, also a treating physician, observed tender cervical, thoracic, and lumbar spinous processes, diagnosed Plaintiff with chronic pain. Dr. Robertson provided a Medical Source Statement indicating that Plaintiff can only lift 10 pounds frequently, 25 pounds occasionally; can stand and walk less than 2 hours in an 8-hour day; can sit only about 3 hours in an 8-hour day; can stand only about 15 minutes before changing options; has to walk around every 30 minutes; can walk for only about 5 minutes; is limited in reaching, handling, fingering, feeling, pushing, and pulling; and would have to be absent more than 3 times a month. These restrictions are consistent with Dr. Barr's assessment. And Dr. Robertson's assessment is both internally consistent and supported by the objective medical evidence discussed above.

The ALJ does not cite persuasive contradictory evidence on which to base his rejection of

these opinions. The ALJ relies on the report of Dr. Jeffrey Persons for the proposition that Plaintiff could return to work with only restrictions on pushing or pulling. But Dr. Persons does not indicate that Plaintiff is capable of performing medium work. Rather, Dr. Persons recommends that Plaintiff perform some exercises with one pound weights.

The record as a whole does not offer substantial evidence to support the ALJ's conclusion that Plaintiff could perform medium work. In addition to the treating physicians assessments discussed above, on March 30, 2004, Dr. Lance Davlin indicated that Plaintiff was limited to 30 degree extension, rotation, lateral bend of the cervical spine. Dr. Dalvin opined that Plaintiff had "exquisite tenderness" anterior to the left elbow and a positive Tinel's sign in the ulnar nerve distribution, with a positive Tinel's sing at the left cubital tunnel and the left Guyon's canal. He noted that Plaintiff should see a spinal surgeon to treat the pain along Plaintiff's entire spine. A June 2004 CT myelogram showed left posterior disc protrusion with mild flattening of the left anterior cord at C5-C6 and a definitive defect involving the right C6 nerve root. Notes from Plaintiff's admission to rehabilitation in December 2004 show severely restricted motion in Plaintiffs left shoulder, elbow, and wrist, severe pain in the shoulder, and left grip strength at 40% of right. And a progress report in February of 2005 similarly notes that Plaintiff's movement was limited and that Plaintiff could carry only approximately 25 pounds using his right arm only and that Plaintiff's pain continued albeit abated somewhat by painkillers.

In sum, the ALJ erred in rejecting the opinions of Plaintiffs' treating physicians, and the ALJ's conclusion that Plaintiff was not disabled as of January 1, 2004 was not supported by substantial evidence. Accepting Dr. Barr's and Dr. Robertson's assessments, Plaintiff is limited to sedentary work. Thus, because Plaintiff is over 50 years of age, has graduated from high

school but not recently, is unable to do his past skilled work, and has no transferable skills, Plaintiff is disabled pursuant to 20 C.F.R. § 404, Subpart P, Appendix 2, §§ 201.06, 201.14.

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Judgment on the Pleadings is GRANTED; Defendant's Motion for Judgment on the Pleadings is DENIED; and the decision of the Commissioner is REVERSED. The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987). Accordingly, this case is REMANDED for an award of benefits.

SO ORDERED, this __1__ day of August, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

-5-

Case 2:09-cv-00030-BO   Document 55   Filed 08/03/10   Page 5 of 5